# NANCY BATY *et al.*

*v.*

# THOMAS C. W. SALE.

1. PRE-EMPTION RIGHTS. Individuals rely for the protection of their rights on the law, and not upon the regulations and proclamations of the departments of government, or officers who have been designated to carry the laws into effect.

2. It is therefore sufficient to comply with the requirements of the law itself in the pre-emption of land, to entitle a party to his rights under that law, and any other conditions superadded by the commissioner of the general land-office, cannot affect his rights.

3. Hence, where a claim for pre-emption was filed, and the lands were afterward withdrawn from market for a short period, a failure by the pre-emptor to comply with a rule of the general land-office requiring the application to be renewed in such cases could not affect his rights, there being nothing in the law itself to require such a renewal. The officers of the land office are powerless to annex conditions or provisions to the law.

4. To avail himself of the benefits of the pre-emption laws, a person must comply with the conditions they impose. It is a favor bestowed only on the terms prescribed by the statute.

5. COMPUTATION *of time under the pre-emption laws.* Under the act of September 4, 1841, section 15, where a person settles upon and improves a tract of land, subject at the time to private entry, files his declaration of intention within thirty days thereafter, and then within twelve months after the date of such settlement, makes proof and payment as therein required, he may thus become the purchaser. The manifest intention is to give the pre-emptor an entire year, while the land was subject to entry, within which to make his final proof and to complete his purchase.

6. Hence, where land was temporarily withdrawn from the market, after a party had filed his declaration of an intention to pre-empt it, the officers of the land-office did right in excluding the time the land was not subject to entry, in computing the year within which he had the right to make his proof and enter the land.

APPEAL from the Circuit Court of Ford county; the Hon. O. L. DAVIS, Judge, presiding.

The facts of this case are fully stated in the opinion of the Court.

352               Baty *et al. v.* Sale.           [Jan. T.,

Brief for the Appellants.    Brief for the Appellee.    Opinion of the Court.

Messrs. Wood and Long, for the appellants.

1. The officers of the land-office had no right to decide that this land claimed by Baty was not subject to pre-emption. *Walker* v. *Hendrick*, 18 Ill. 571; *Elliott et al.* v. *Perisol*, 1 Pet. 340.

2. If land-officers undertake to grant pre-emptions to land in which the law declares they shall not be granted, they exceed their jurisdiction. *Wilcox* v. *Jackson*, 13 Pet. 511; *United States* v. *Gear*, 3 How. U. S. 120, 802; *Brown's Lessee* v. *Clements et al.*, id. 666. It follows, that if they refuse a pre-emption on lands which the law declares shall be pre-emptible, they equally exceed their jurisdiction, and there can be no rightful reservation or appropriation of the public domain without the express authority of law. *McConnel* v. *Wilcox*, 1 Scam. 354.

3. The time the lands were not in market for entry was properly excluded in computing the year allowed to the pre-emptor, Baty. *Clements* v. *Warner*, 24 How. U. S. 394.

Mr. E. S. Terry, for the appellee.

1. The title of appellee is based upon a patent; where a patent is issued by the officers of the United States, the presumption is, that it is valid and passes the legal title. *Minter* v. *Crommelin*, 18 How. 87.

2. That the officers of the land-office decided the pre-emption by Baty to be regular, may be true; their decisions are of no binding force unless sanctioned by law, and may be assailed collaterally and reviewed by the courts. *Aldrich* v. *Aldrich*, 37 Ill. 37; *Lindsay* v. *Haws*, Black (U. S.) 559; *Comegys* v. *Vosse*, 1 Pet. 212; *Cunningham* v. *Ashley*, 14 How. 377; *Garland* v. *Wynn*, 20 id. 8; *Lyttle* v. *Arkansas*, 22 id. 192.

Mr. Chief Justice Walker delivered the opinion of the Court:

It appears from the record in this case, that Peter Baty, in his life-time, and about the 6th day of November 1855, erected

a building on the southwest quarter of section 17, in township 23, north of range 9 east, situate in Ford county, and moved into it and resided thereon until his death. About the 15th of the same month, he filed an application for a pre-emption on this land. Afterward, on the 11th day of December, 1856, he proved his pre-emption, which was allowed, and entered the land with a bounty land warrant and received a certificate of purchase. This entry was subsequently brought before the commissioner of the general land-office, who decided, that the pre-emption had been proved and the entry properly made.

Appellee, subsequently to the filing of the application to pre-empt the land by Baty, on the 29th of November, 1855, and while Baty was still in possession, entered the land, and he also received a certificate of purchase. Afterward a patent issued to him, on this entry. This led to a contest before the commissioner of the general land-office, as to which was the legal entry. The patent to appellee and the certificate of entry were re-called, and, on a hearing, the commissioner decided, that the land having been temporarily withdrawn from the market, after Baty filed his declaration of an intention to pre-empt it, he should have renewed his application; and, that his entry was therefore irregular and void, and delivered the patent to appellee. He subsequently brought an action of ejectment to recover the possession of the land, and Baty filed this bill to enjoin the action of ejectment, to have appellee's patent canceled and for general relief. The case was heard in the court below on the bill, answer, replication, exhibits and proofs, where the bill was dismissed. Baty having died before the hearing, the suit was revived in the name of the heirs, who prosecute this appeal and ask a reversal of the decree of the court below.

It is not contested, that the land was subject to pre-emption at the time Baty filed his application to be permitted to enter the land by pre-emption in the land-office at Danville, on the 15th of November, 1855. The commissioner of the general land-office, on the 5th day of May, 1856, issued a proclamation giving notice, that the office at Danville was discontinued, and,

that unsold lands in the district would be subject to entry at Springfield, after the officers at the latter place should give notice thereof. It is insisted, that this discontinuance of the office at Danville, and thus taking their land out of market, during the period which intervened the proclamation and the notice, that the land was subject to entry, rendered the renewal of the application for pre-emption necessary to confer that right, and gave to appellee's entry the preference.

We do not perceive how a regulation of the general land office, in the absence of some statute requiring such a renewal, could produce such a result. Individuals rely for the protection of their rights on the law, and not upon regulations and proclamations of the departments of government, or officers who have been designated to carry the laws into effect. The act providing for pre-emptions does not declare, that when lands are withdrawn from market for a short period, after a claim for a pre-emption has been filed, the application shall be renewed. And the officers of the land-office are powerless to annex conditions or provisions to the law. That can only be done by the law-making power. When, therefore, Baty filed his application under the act of 1841, he had an exclusive right to enter this land by conforming to the provisions of that law, and any other conditions superadded by the commissioner of the general land-office could not affect his rights.

The pre-emption in this case is claimed under the fifteenth section of the act of the 4th of September, 1841, and it declares, that when a person settles and improves a tract of land, subject at the time to private entry, shall file his declaration of intention within thirty days thereafter, and shall, within twelve months after the date of such settlement, make proof and payment as therein required, he may thus become the purchaser; and if such person shall fail to make proof and payment within that time, the land shall be subject to the entry of any other person.

To avail himself of the benefits of the pre-emption laws, a person must comply with the conditions they impose. It is a favor bestowed only on the terms prescribed by the statute.

It appears from the record in this case, that the land-office

at Danville was closed on the 5th of May, 1866, orders having been received to remove the books, papers and other fixtures of the office to Springfield, where land lying in that district should become subject to entry, after proper notice should be given.   We also see, that on the 11th day of December, of that year, Baty made the final proof, and was permitted to enter the land.   The record fails to disclose what length of time inter-vened after the closing of the office at Danville, before lands in the Danville district became subject to entry at Springfield, but we may safely infer, that the officers did not compute any portion of the time this land was withdrawn from the market, as a part of the year within which Baty had the right to make his proof and enter the land.

While the law, in terms, fails to indicate the mode in which the time must be computed, it is manifest, that it was the inten-tion to give the pre-emptor an entire year, while the land was subject to entry, within which to make his final proof, and to complete his purchase.

Unless such a construction be placed upon the law, the pre-emptor is liable to lose his labor, improvements and expendi-tures made upon the land, with not only the permission of the government, but with the assurance that he should have a year within which to pay for and receive a title to the land.   If a different construction was to prevail, Baty, in this case, would be limited to perhaps no more than six months to complete his entry, as, after the Danville office closed in May, the land may not have again been placed in market till after the expiration of the year after he filed his declaration of an intention to pre-empt this land.   Such, we think, was not the legislative inten-tion, but, on the contrary, that the pre-emptor should have full twelve months while the land could be entered, to make pay-ment and receive his certificate of purchase.   The officers did right, then, in excluding the time the land was not subject to entry, as we presume they did, when they permitted Baty to make his entry under the act allowing pre-emptions.

The entry was made, in this case, only some twenty-six days after the year had expired, and we presume the land was out

of market for that or a longer period, or the officers would not have permitted the entry to be made. Such being the case, we think the entry by Baty was legally made.

In the case of *Clements* v. *Warner*, 24 How. 394, the Supreme Court, in a case similarly situated, held such an entry valid. And although this question was not discussed by the court, still the entry by the pre-emptor in that case was made as in this. By the opinion of the court, it appears, that the pre-emption in that case was begun more than one year prior to the time when the entry was made, and in that case, as in this, the land was sold to a different person the next month after the pre-emptor had commenced his settlement. Yet the court held, that the pre-emptor was entitled to hold the land, although he paid his money and received his certificate subsequent to the other entry. It must, therefore, be held, in this case, that Baty's entry related back to his settlement and the filing of his declaration of intention to pre-empt the land. It thus became appropriated and was taken out of the market, and was so when appellee made his entry; and hence it was wholly unauthorized and in no respect affected Baty's right to the land. And his children, by his death, succeeded to all of his rights. They are therefore entitled, on the proof in this case, to the relief sought by the bill, and the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*